FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2018 JUN -4 P 3: 02

CLERK'S OFFICE
AT GREENBELT

BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

LEVON DERRELL WEEDEN,

    Plaintiff,

v.

PRINCE GEORGE'S COUNTY, *et al.*,

    Defendants.

Case No.: GJH-17-2013

## MEMORANDUM OPINION

Plaintiff Levon Derrell Weeden suffered injuries following an altercation with New Carrollton police officers on May 12, 2016. Plaintiff now brings claims under 42 U.S.C. § 1983, the Maryland Declaration of Rights Articles 24 and 26, and Maryland common law against Defendants Prince George's County, the City of New Carrollton ("the City"), New Carrollton Police Department Chief Col. David Rice, and the following individual police officers: Officer S. Whiting, Officer C. Marshall, Corporal B. Robinson, Sergeant K. Banton, and Sergeant K. Lewis (collectively, "Defendant Police Officers"). ECF No. 14. Now pending before the Court is Defendants' Partial Motion to Dismiss. ECF No. 19.[1] No hearing is necessary. Loc. R. 105.6 (D. Md. 2016). For the following reasons, Defendants' Motion is granted.

---

[1] The Partial Motion to Dismiss is brought on behalf of the City, Rice, Whiting, and Marshall. The docket does not reflect that Defendants Prince George's County, Robinson, Banton, and Lewis have been served with process. *See* ECF Nos. 3, 11. Claims against Robinson, Banton, and Lewis will be dismissed for the same reasons that claims against Whiting and Marshall will be dismissed. Plaintiff is ordered to show cause as to why claims against Prince George's County should not be dismissed for failure to serve. *See* Fed. R. Civ. P. 4(m).

1

## I. BACKGROUND[2]

On the evening of May 12, 2016, Plaintiff overheard Shaheem McNair tell Defendant Police Officers Whiting, Marshall, and two other unknown police officers that Plaintiff broke into McNair's home and stole certain items. ECF No. 14 ¶ 10. Plaintiff believed himself to be in danger and, as he began to move away, he was "violently accosted" by Defendant Police Officers, who "slammed him into the ground and handcuffed him." *Id.* ¶ 11. While on the ground, one officer stomped on his head and arms while another stomped on Plaintiff's ankle, causing it to break. *Id.* ¶ 12. Plaintiff required surgery on his ankle and, in August of 2016, underwent a craniotomy after experiencing "excruciating headaches" following the incident. *Id.* ¶15. Plaintiff alleges that this medical procedure resulted in a loss of "mental mobility," and he is now physically limited and unable to return to his place of employment. *Id.* Plaintiff further alleges that Defendant Police Officers' actions were part of a pattern and practice of abusive police conduct that continues to occur in accordance with established policies of the City and Prince George's County, as well as the instructions, supervision, and guidance of Rice. *Id.* ¶ 13.

Plaintiff filed his initial Complaint in the Circuit Court for Prince George's County on May 11, 2017. Defendants removed the action to this Court on July 19, 2017 and filed a Partial Motion to Dismiss Plaintiff's Second Amended Complaint on January 19, 2018. ECF Nos. 1, 19. Since his initial filing, Plaintiff has amended his Complaint multiple times, and his current claims are as follows: Section 1983 Claim for Violation of Plaintiffs' Freedom from Unreasonable Searches and Seizures Guaranteed by the Fourth and Fourteenth Amendment (Count I); Violation of Plaintiff's Freedom from Unreasonable Searches and Seizures Guaranteed by Maryland Declaration of Rights Articles 24 and 26 (Count II); Bystander

---
[2] Unless otherwise noted, the facts are taken from the Second Amended Complaint, ECF No. 14, and assumed to be true.

Liability (Count III); Supervisory Liability (Count IV); Battery (Count V); Assault (Count VI); and False Imprisonment (Count VII).[3]

## II. STANDARD OF REVIEW

To state a claim that survives a Rule 12(b)(6) motion to dismiss, a complaint, relying on only well-pled factual allegations, must state at least a "plausible claim for relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The "mere recital of elements of a cause of action, supported only by conclusory statements, is not sufficient to survive a motion made pursuant to Rule 12(b)(6)." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012). To determine whether a claim has crossed "the line from conceivable to plausible," the court must employ a "context-specific inquiry," drawing on the court's "experience and common sense." *Iqbal*, 556 U.S. at 679–80. When performing this inquiry, the court accepts "all well-pled facts as true and construes these facts in the light most favorable to the plaintiff in weighing the legal sufficiency of the complaint." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009).

## III. DISCUSSION

### A. State Constitutional and Common Law Tort Claims (Counts II, V–VII)

#### 1. Notice under Local Government Tort Claims Act

Because Plaintiff failed to provide Defendants with notice of his claims as required by the Local Government Tort Claims Act ("LGTCA"), Md. Code Ann. Cts. & Jud. Proc. § 5-301 *et seq.*, his state constitutional and common law tort claims must be dismissed with prejudice. Pursuant to the LGTCA, "an action for unliquidated damages may not be brought against a local government or its employees unless notice of the claim required by this section is given within 1

---

[3] It appears that Plaintiff intends to bring Counts I, II, V, and VI against all Defendants, Counts III and VII against Defendant Police Officers, and Count IV against Rice.

3

year after the injury." § 5-304(b)(1); *see also Rounds v. Maryland-Nat. Capital Park & Planning Comm'n*, 109 A.3d 639, 648 (Md. 2015) ("[W]e hold that, generally, the LGTCA notice requirement applies to both state constitutional and non-constitutional tort claims for unliquidated damages.").

For Defendant Prince George's County, notice shall be given to the county solicitor or the county attorney. § 5-304(c)(3)(iii).[4] For any other local government, the notice shall be given to the "corporate authorities" of that local government. § 5-304(c)(4). However, failure to strictly comply with the notice requirements is not fatal to a plaintiff's action. *See Hansen v. City of Laurel*, 996 A.2d 882, 891 (Md. Ct. Spec. App. 2010) (citing *Barbre v. Pope*, 935 A.2d 699 (2007)) ("It is now well-established that claimants who fail to comply with the [LGTCA] notice requirements may prosecute their lawsuits so long as they have substantially complied with the notice statute."); *see also* § 5-304(d) ("unless the defendant can affirmatively show that its defense has been prejudiced by lack of required notice, upon motion and for good cause shown the court may entertain the suit even though the required notice was not given.").

Plaintiff provided notice directly to Rice by letter dated January 31, 2017, but Rice is not a "corporate authority" under § 5-304(c)(1)(4). *See* ECF No. 19-2.[5] "Corporate authorities are the political officials of a municipal corporation—the mayor and city council—not the administrators charged with carrying out the day-to-day business of the local government." *Hanson*, 996 A.2d at 890 (citations omitted) (holding that City Administrator is not a "corporate

---

[4] The parties suggest that Plaintiff provided notice to Prince George's County. *See* ECF No. 22 at 2 ("Plaintiff sent notice to County authorities as well as David Rice, the Chief of Police in New Carrollton, Maryland."). But Prince George's County has not been served, and the Court will not determine whether such notice complied with the LGTCA. Moreover, Plaintiff has not argued that providing proper notice to Prince George's County cures its failure to provide proper notice to the City or Defendant Police Officers.

[5] Plaintiff alleges that he complied with the LGTCA in his Complaint, ECF No. 14 ¶ 9, and does not dispute the authenticity of his notice letter attached to Defendants' Motion to Dismiss. Therefore, the Court will consider the notice letter without converting Defendants' Motion to a Motion for Summary Judgement. *See Occupy Columbia v. Haley*, 738 F.3d 107, 116 (4th Cir. 2013) (noting that a court may consider documents attached to the motion to dismiss, "so long as they are integral to the complaint and authentic") (citation omitted).

authority"). Therefore, Plaintiff did not strictly comply with the LGTCA. Plaintiff argues that even if he did not strictly comply, he substantially complied because "Defendants do not allege that their defense [has] been prejudiced for lack of notice." ECF No. 22 at 2.[6] However, Plaintiff's substantial compliance argument is incomplete because Plaintiff has not attempted to demonstrate good cause for its failure to provide notice as required by § 5-304(d). *Cf. Moore v. Norouzi*, 807 A.2d 632, 643 (Md. 2002) ("substantial compliance requires more than a mere lack of prejudice to the government entity").[7]

Plaintiff also argues that he provided the City with constructive notice pursuant to § 5-304(e) because "to the best of Plaintiff's information and belief, the appropriate internal procedure is that once the Chief of Police receives the notice, he notifies the appropriate county officials that a lawsuit is expected." ECF No. 22 at 3. Section 5-304(e) provides that the LGTCA notice requirements do not apply if, within 1 year after the injury, the defendant local government has actual or constructive notice of the claimant's injury. Section 5-304(e) was adopted on May 19, 2016 and became effective as of October 1, 2016. *See* AN ACT concerning Local Government Tort Claims Act—Notice Requirement—Exception, 2016 Maryland Laws Ch. 624 ("H.B. 637"). Section 2 of H.B. 637 provides that § 5-304(e) "shall be construed to apply prospectively and may not be applied or interpreted to have any effect on or application to

---

[6] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

[7] Though not briefed by either party, it is unlikely that Plaintiff can demonstrate good cause by arguing that he assumed that Rice was a "corporate authority" as required by § 5-304(c)(1)(4). *See Harris v. Howard County Police Dept.*, No. 2655, 2016 WL 195808, at *11 (Md. Ct. Spec. App. Jan. 13, 2016) ("We are unaware of any case that supports the proposition that a represented party can claim ignorance of the law as 'good cause' for failing to comply with the notice provisions of the LGTCA."). Nor has Plaintiff argued that Defendant Police Officers were acting outside the scope of their employment or that Plaintiff does not have to provide notice under the LGTCA. *See Ennis v. Crenca*, 587 A.2d 485, 489 (Md. 1991) ("Notice is not required where an action is based on alleged conduct outside of the employee's scope of employment because . . . the statute is applicable only to tortious acts or omissions committed by an employee within the scope of employment with the local government.") (internal citation omitted).

5

any cause of action arising before the effective date of this Act." However, Plaintiff overlooks the fact that his claim accrued *before* promulgation of the LGTCA's exception for actual or constructive notice provided in § 5-304(e). Therefore, even assuming the City had actual notice, Plaintiff has not demonstrated good cause for his failure to strictly comply with the LGTCA, and his state constitutional and common law tort claims against all Defendants must be dismissed. *See Hamilton v. Prince George's County Police Department*, No. DKC-17-2300, 2018 WL 1365847, at *3 (D. Md. Mar. 16, 2018) (noting that § 5-304(e) does not apply to cause of action accruing in late 2015).

### 2. Governmental Immunity

Alternatively, Defendants also move to dismiss Plaintiff's common law tort claims brought against the City under the doctrine of governmental immunity. Specifically, local governments are immune from suit for intentional torts when they exercise "governmental" rather than "proprietary" or "corporate" functions. *See Anne Arundel County v. McCormick*, 594 A.2d 1138, 1141 (Md. 1991). "The operation by a county of its police department is quintessentially governmental." *Clark v. Prince George's County*, 65 A.3d 785, 791 (Md. Ct. Spec. App. 2013) (*citing Wynkoop v. Hagerstown*, 159 Md. 194 (1930)); *see also Wilkerson v. Baltimore Cnty*, 146 A.2d 28 (Md. 1958) (governmental immunity attaches to all government acts even if a plaintiff alleges that the actions were performed with reckless disregard of human life).

Plaintiff seems to concede that the operation of a police department is a governmental act but argues that because the City operates is police department "in such a manner as to shield and condone police brutality," the City loses its governmental immunity. ECF No. 22 at 5. Plaintiff provides no legal support for such an argument. While Plaintiff's allegations regarding the City's

pattern and practice of abusive police tactics may raise federal or state constitutional issues, these allegations do not extinguish the City's protection from liability for the intentional torts of its employees as set forth in Counts V, VI, and VII.

### B. Section 1983 Claims

#### 1. *Monell* Claim

Section 1983 states in pertinent part that "every person who, under color of any statute, ordinance, regulation, custom, or usage, of any state or territory, subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . for redress." 42 U.S.C. § 1983. To state a claim under Section 1983, Plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff raises a number of constitutional violations within Count I. First, Plaintiff alleges that Police Officer Defendants used excessive force in violation of the Fourth and Fourteenth Amendments. ECF No. 14 ¶ 20. Plaintiff also alleges that Rice, the City, and Prince George's County are liable to Plaintiff for the injuries caused by Defendant Police Officers in violation of the Fourth Amendment and for "property taken and never returned to Plaintiff due to their fostering of policies, practices, and customs that violate Plaintiff's constitutional Fourteenth Amendment equal protection rights." ECF No. ¶¶ 18, 19.[8]

Beyond Defendant Police Officers, Plaintiff has not alleged that Rice, or any other City or County employee, has individually violated his constitutional rights. Therefore, to the extent

---

[8] The Court construes Plaintiff's reference to the Fourth and Fourteenth Amendments to be a single claim for excessive force. Plaintiff's reference to "property taken and never returned" is not supported by any factual allegations set forth in the Second Amended Complaint. Defendant does not move to dismiss Plaintiff's § 1983 claim for excessive force against Police Officer Defendants Marshall and Whiting at this time. *See* ECF No. 19 n.2.

7

that Plaintiff seeks to hold Rice, the City, or the County liable under the theory of *respondeat superior*, his claim must be dismissed. *See Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 691 (1978) ("we conclude that a municipality cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory").[9] The City is only subject to liability if Plaintiff's constitutional violations were the result of an unconstitutional policy, practice, or custom employed by the Defendants (*i.e.*, a "*Monell* claim"). *See Monell*, 436 U.S. at 690–91.

To state a *Monell* claim, a plaintiff must allege that: "(1) the municipality [had] actual or constructive knowledge of the custom and usage by its responsible policymakers, and (2) there [was] a failure by those policymakers, as a matter of specific intent or deliberate indifference, to correct or terminate the improper custom and usage." *Rockwell v. Mayor & City Council of Baltimore*. No. RDB-13-3049, 2014 WL 949859 (D. Md. Mar. 11, 2014) at *11 (quoting *Randall v. Prince George's County, Md*, 302 F.3d 188, 210 (4th Cir. 2002) (internal quotation marks omitted)). A plaintiff must allege numerous particular instances of unconstitutional conduct in order to establish a custom or practice, because "a municipality is not liable for mere isolated incidents of unconstitutional conduct by subordinate employees . . . ." *Smith v. Ray*, 409 F. App'x 641, 651 (4th Cir. 2011) (quoting *Lytle v. Doyle*, 326 F.3d 463, 473 (4th Cir. 2003)).

Here, Plaintiff has not provided any examples of alleged unconstitutional behavior, let alone use of excessive force, beyond that alleged to have occurred on May 12, 2016. Plaintiff makes only bald assertions that Defendant Police Officers' conduct was the result of a policy and

---

[9] While municipalities can be held liable for state constitutional torts committed by their employees under a theory of *respondeat superior*, Plaintiff's state constitutional claims must be dismissed for failure to comply with the LGTCA. *See supra* III.A.1; *see also DiPino v. Davis*, 729 A.2d 354, 372 (Md. 1999) ("[A]s a matter of common law, . . . local governmental entities do, indeed, have *respondeat superior* liability for civil damages resulting from state constitutional violations committed by their agents and employees within the scope of their employment.").

practice of unconstitutional behavior. In his Opposition to Defendants' Motion to Dismiss, Plaintiff merely states that investigations into the New Carrollton Police Department have been ongoing since its inception and that Rice has been personally accused of being corrupt. ECF No. 22. However, these allegations are a far cry from the "numerous *particular* instances of unconstitutional conduct" necessary "to establish a custom or practice." *Lytle*, 326 F.3d at 473 (emphasis added); *see also Lanford v. Prince George's County, MD*, 199 F. Supp. 2d 297, 304 (D. Md. 2002) (quoting *Milligan v. City of Newport News*, 743 F.2d 227, 230 (4th Cir. 1984) ("[A] municipal policy or custom giving rise to § 1983 liability will not be inferred merely from municipal inaction in the face of isolated constitutional deprivations by municipal employees.")). Plaintiff has failed to identify a municipal policy or custom that caused his constitutional injury, and his *Monell* claim must be dismissed as to Rice and the City. *See Walker v. Prince George's County, MD*, 575 F.3d 426, 431 (4th Cir. 2009).[10]

### 2. Claims Against Defendants in their Individual Capacities

Plaintiff also brings § 1983 claims against Rice under the theory of supervisor liability and Defendant Police Officers under the theory of bystander liability.[11] Separate from *respondeat superior*, supervisor liability is premised upon "a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care." *Shaw v. Stroud*, 13 F. 3d 791, 798 (4th Cir. 1994) (quoting *Slakan v. Porter*, 737 F.2d 368, 372–73 (4th Cir. 1984)). To

---

[10] To the extent that Plaintiff attempts to bring a pattern or practice claim for state constitutional violations in Count II (*i.e.* a *Longtin* claim), such claims fail for the same reason. *See McMahon v. County Com'rs of Kent County*, No. JFM-13-490, 2013 WL 2285378, at *4 n.6 (D. Md. May 21, 2013) (citing *Prince George's County v. Longtin*, 19 A.3d 859, 886–88 (Md. 2011)) ("Maryland, like the federal government, imposes liability on municipalities for widespread patterns or practices that cause constitutional injuries.").

[11] To the extent that Plaintiff sues Rice and Defendant Police Officers in their official capacities, such claims are duplicative with § 1983 claims brought against the City itself and fail for the same reasons. *See Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985) (citing *Monell*, 436 U.S. at 690 n.55) (an official capacity suit against a government official is effectively a suit against the government entity).

9

establish supervisory liability under § 1983, a plaintiff must allege: 1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff; 2) the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices"; and 3) there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. *See Shaw*, 13 F.3d at 799.

Plaintiff has not sued Rice in his individual capacity as a supervisor nor alleged that Rice was the direct supervisor in charge of Defendant Police Officers. Regardless, Plaintiff has not pleaded any facts alleging that Rice had knowledge that Defendant Police Officers were engaged in conduct that posed a "pervasive and unreasonable risk of constitutional injury" to Plaintiff. *See id.* Plaintiff only makes threadbare allegations of "prior incidents" without providing any specific examples of prior misconduct by any New Carrollton police officers, including Defendant Police Officers. "Establishing a 'pervasive' and 'unreasonable' risk of harm requires evidence that the conduct is widespread, or at least has been used on several different occasions and that the conduct engaged in by the subordinate poses an unreasonable risk of harm of constitutional injury." *Shaw*, 13 F.3d at 799 (quoting *Slakan*, 737 F.2d at 373–74). Therefore, even assuming Plaintiff brought a claim of supervisory liability against Rice in his individual capacity, Plaintiff's claim must be dismissed.

Plaintiff's bystander liability claim against Defendant Police Officers also fails as matter of law. In Count III, Plaintiff alleges that all Defendant Police Officers participated in causing injury to Plaintiff. ECF No. 14 ¶ 31. Defendant Police Officers cannot be held liable for both participating in the injury *and* failing to prevent the injury. *See Jones v. Chapman*, No. ELH-14-

2627, 2017 WL 2472220, at *35 (D. Md. June 7, 2017) ("As a preliminary matter, if the officers 'participate[d] in the fray' . . . as plaintiffs claim, then they were not acting as bystanders."). Moreover, even if any of the Defendant Police Officers did not participate in the act, Plaintiff has not alleged facts to suggest that any of them had a reasonable opportunity to prevent the violation. *See Stevenson v. City of Seat Pleasant*, 743 F.3d 411, 417 (4th Cir. 2014). While Plaintiff argues that "[f]urther discovery may reveal which officer stood by to allow other officers to beat and break him, or if all of the officers took part in the altercation," Plaintiff has not pleaded facts to suggest that a claim of bystander liability is plausible at this time. ECF No. 22 at 8. Therefore, Plaintiff's § 1983 claims are dismissed as to all Defendants except for his claim of excessive force against Whiting and Marshall.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss, ECF No. 19, shall be granted. A separate Order follows.

Dated: June 4, 2018

GEORGE J. HAZEL
United States District Judge

11